Filed 3/1/22  P. v. Tucker CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARCELLIOUS DEWAYNE TUCKER,<br><br>    Defendant and Appellant. | C092967<br><br>(Super. Ct. No. CR95605,<br>CR100338) |

Defendant Marcellious Dewayne Tucker appeals from the trial court's order denying his petition for resentencing under Penal Code section 1170.95.[1]  He argues that the trial court erred when it denied his petition at the prima facie stage after finding that the record of conviction contained substantial evidence that could theoretically support a

_____

[1]  Undesignated statutory references are to the Penal Code.

1

murder conviction under current law.  We agree the trial court erred in denying defendant's petition and will remand the case for further proceedings.

## I.  BACKGROUND

The relevant facts of this case are taken from our prior opinion in defendant's direct appeal.  (*People v. Tucker* (Sept. 11, 1992, C011923) [nonpub. opn.].)  "Sandy, Donna and Debra S. were sisters.  Defendant believed Sandy owed him five dollars.  He entered her apartment and grabbed Donna by the throat, threatening to shoot somebody unless he was paid.  He shot Sandy.  Debra took Donna's baby and fled.  She heard another shot and saw Donna lying in the driveway.  Donna died that night but Sandy spent several months in the hospital before dying.  Defendant claimed that after a quarrel regarding narcotics he shot Sandy in self-defense, that Donna then grabbed his arm, causing his gun to fire into Donna.  [¶]  Defendant was charged with two counts of first-degree murder with a multiple-murder special circumstance and the court instructed the jury on the various homicide rules.  The court instructed on three theories of second-degree murder as to Donna, unpremeditated murder, murder based on the deliberate commission of an act dangerous to human life and second-degree felony murder.  (CALJIC Nos. 8.30, 8.31, 8.32.)  The felony underlying the felony-murder theory was the murder of Sandy."  (*Ibid.*)

The jury found defendant guilty of two counts of second degree murder (§ 187) and found true the allegations that defendant personally used a firearm (§ 12022.5, subd. (a)).  The trial court sentenced defendant to 32 years to life in prison.

In 2019, defendant filed a section 1170.95 petition for resentencing.  The trial court appointed counsel.  After briefing, the trial court denied the petition.  The trial court concluded that defendant "has not shown that he falls within the provisions" of section 1170.95.  The trial court noted "[t]his case did not involve accomplice liability and no natural and probable consequences doctrine jury instruction was given.  The only issue is whether defendant was convicted solely under a theory of second degree murder felony-

2

murder with regard to Donna's murder . . . ." The trial court reviewed the preliminary hearing transcripts in the case and determined that "[w]ere this matter to be tried at this time, without reference to the second degree felony-murder rule . . . this evidence is sufficient for a reasonable trier of fact to reject defendant's self-defense claims or claim of accident, and instead conclude beyond a reasonable doubt that defendant shot the gun both times, once at each victim, with intent to kill."

## II. DISCUSSION

Defendant does not contest the denial of his petition for resentencing under section 1170.95 as applied to his conviction for murdering Sandy. Rather, with respect to his conviction for murdering Donna, defendant contends the trial court erred by summarily denying his petition because his conviction of Donna was based on a theory of second degree felony-murder, which was eliminated through Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437). He also argues that the trial court improperly relied upon the transcript of the preliminary hearing because it is not a part of the record of conviction and, in doing so, engaged in improper judicial factfinding at the prima facie stage. The People argue defendant is ineligible for relief, as a matter of law, because he admits he was the actual killer. The People further argue that in light of defendant's ineligibility, any error by the trial court was harmless. Because we must reverse the trial court's ruling as inappropriately based on factual determinations at the prima facie stage, we need not address defendant's additional claims.[2]

A.    *Statutory Background*

Senate Bill No. 1437, which became effective on January 1, 2019, was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it

---

[2] The enactment of Senate Bill No. 775 (2021-2022 Reg. Sess.), operative January 1, 2022, requiring a hearing at the prima facie stage does not alter the analysis or remedy in this matter.

3

relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill No. 1437 also added section 1170.95, which allows those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1170.95, former subd. (a).)

Section 1170.95 includes a prima facie determination. Under subdivision (c), the trial court must appoint the defendant counsel if requested, take briefing from the parties, and then determine whether "the petitioner makes a prima facie showing that he or she is entitled to relief." (§ 1170.95, subd. (c).) In performing this preliminary screening function, courts are not limited to the allegations of the petition; rather, they may "rely on the record of conviction in determining whether that single prima facie showing is made." (*People v. Lewis* (2021) 11 Cal.5th 952, 970 (*Lewis*).) Thus, if the record of conviction establishes the petition lacks merit, the trial court may deny the petition without conducting further proceedings. (*Id.* at p. 971 ["The record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless"].)

4

"[W]hen assessing the prima facie showing, the trial court should assume all facts stated in the section 1170.95 petition are true.  [Citation.]  The trial court should not evaluate the credibility of the petition's assertions, but it need not credit factual assertions that are untrue as a matter of law—for example, a petitioner's assertion that a particular conviction is eligible for relief where the crime is not listed in subdivision (a) of section 1170.95 as eligible for resentencing."  (*People v. Drayton* (2020) 47 Cal.App.5th 965, 980, disapproved on other grounds in *Lewis, supra*, 11 Cal.5th at p. 963.)  The "authority to make determinations without conducting an evidentiary hearing pursuant to section 1170.95, subd[ivision] (d) is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)."  (*Ibid*.)

"If, accepting the facts asserted in the petition as true, the petitioner would be entitled to relief because he or she has met the requirements of section 1170.95, [subdivision] (a), then the trial court should issue an order to show cause.  (§ 1170.95, [subd.] (c).)  Once the trial court issues the order to show cause under section 1170.95, [subdivision] (c), it must then conduct a hearing pursuant to the procedures and burden of proof set out in section 1170.95, subd[ivision] (d) unless the parties waive the hearing or the petitioner's entitlement to relief is established as a matter of law by the record. (§ 1170.95, subd. (d)(2).)"  (*People v. Drayton, supra*, 47 Cal.App.5th at pp. 980-981.) At the evidentiary hearing, either party "may . . . offer new or additional evidence" but "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing."  (§ 1170.95, subd. (d)(3).)

Our Supreme Court has explained that section 1170.95, subdivision (c) requires "only a single prima facie showing."  (*Lewis, supra,* 11 Cal.5th at p. 962.)  A trial court "may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section 1170.95 relief, [but] the

prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citations.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citations.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Id.* at p. 971.) While appellate opinions "are generally considered to be part of the record of conviction[,] . . . the probative value of an appellate opinion is case specific, and 'it is certainly correct that an appellate opinion might not supply all answers.' " (*Id.* at p. 972.) Thus, "[i]n reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Ibid.*)

B.      *Murder Convictions*

Here, defendant stated in his initial declaration that he was convicted of second degree murder under the second degree felony-murder or the natural and probable consequences doctrines, which would not have supported a murder conviction after the changes to sections 188 and 189. With respect to defendant's murder conviction for killing Sandy, the record of conviction disproves this contention. The jury was not instructed on the natural and probable consequences doctrine and the instruction regarding second degree felony murder was limited as to Donna's murder. Thus, defendant was not convicted of murdering Sandy under a now-defunct theory of accountability. (See *People v. Soto* (2020) 51 Cal.App.5th 1043, 1055 [defendant could not have been convicted of second degree murder under a specific doctrine when the

6

jurors were not provided the relevant instruction].)  We affirm the denial with respect to defendant's murder conviction for killing Sandy.

With respect to defendant's murder conviction for killing Donna, however, the record of conviction does not disprove defendant's statement that he was convicted of an invalid theory of accountability as a matter of law.  On the contrary, our opinion in the direct appeal from defendant's conviction notes the fact that the instructions given permitted the jury to find defendant guilty of killing Donna based on the second degree felony-murder doctrine, i.e., premised on the murder of Sandy.  (*People v. Tucker, supra*, C011923.)  The facts in defendant's record of conviction do not conclusively contradict defendant's allegation that the changes to sections 188 and 189 eliminated the theory under which he was convicted.

At this stage of the petition review process under section 1170.95, subdivision (c), the trial court should not have engaged in factfinding or made any factual inferences about whether defendant could theoretically have been found guilty on a now-valid ground.  (*People v. Duchine* (2021) 60 Cal.App.5th 798, 815-816.)  It was thus premature for the court to consider whether the facts in defendant's case supported a valid conviction under an alternate theory such as acting with an intent to kill.  Assuming the facts asserted in defendant's petition were true, as the court was required to do, defendant fulfilled the eligibility requirements listed in section 1170.95, subdivision (a).  (*Lewis, supra*, 11 Cal.5th at p. 972.)  Thus, the trial court should have issued an order to show cause and held an evidentiary hearing.  (*Id.* at p. 960.)

The People argue that because defendant was the actual killer, he is ineligible for resentencing under section 1170.95 as a matter of law.  The People assert his case is

analogous to *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58.[3]  In that case, the defendant "was ineligible for relief because he was not convicted of felony murder or murder as an aider or abettor under a natural and probable consequences theory. (§ 1170.95, subd. (a)(3).)  The jury convicted him of second degree murder and found true that he personally and intentionally used a firearm to commit the crime.  Thus, the jury implicitly found Cornelius was the 'actual killer,' and the changes to sections 188 and 189 are inapplicable."  (*Ibid.*)

We find *Cornelius* inapplicable here.  There, the appellate court concluded the defendant was not convicted under either a natural and probable consequence or felony-murder doctrine, but the appellate court did not specify whether the defendant was "indisputably ineligible for relief" because the jury was not instructed on either doctrine or because the defendant's status as the actual killer foreclosed the need to examine the instructions.  (*People v. Cornelius, supra*, 44 Cal.App.5th at p. 58.)  Under the unique circumstances in this case, however, we cannot say defendant was ineligible for relief as a matter of law under either of the possibilities suggested by *Cornelius*.  The jury was instructed on second degree felony murder, thereby providing the possibility that defendant's conviction was based on that doctrine, and defendant's status as the actual killer does not inexorably lead to the conclusion that his conviction is still valid—given defendant's testimony that he shot Donna accidentally.

Under Senate Bill No. 1437, section 188, which defines express and implied malice, was amended to provide "in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime."  (§ 188, subd. (a)(3).)  The statutory

---

[3]  Review was granted and held for *Lewis, supra*, 11 Cal.5th 952, but the case was subsequently dismissed, remanded, and deemed non-citable and nonprecedential "to the extent it is inconsistent with" *Lewis*.  (*People v. Cornelius* (Oct. 27, 2021, No. S260410).)

exception to the malice requirement is a limitation to the first degree felony-murder rule such that a conviction under the felony-murder doctrine remains available to: the actual killer, an aider and abettor who acts with an intent to kill, or an aider and abettor who is a major participant in the underlying felony and acts with a reckless indifference to life. (*People v. Johns* (2020) 50 Cal.App.5th 46, 59; § 189, subd. (e).) However, a defendant may still be convicted of second degree murder if he harbors express or implied malice. (*People v. Soto, supra,* 51 Cal.App.5th at pp. 1056-1057.)

Defendant testified that "after a quarrel regarding narcotics he shot Sandy in self-defense, that Donna then grabbed his arm, causing his gun to fire into Donna." (*People v. Tucker, supra*, C011923.) It is not readily ascertainable from the record whether the jury believed defendant's testimony that Donna was shot accidentally. The jury could have found that during the course of Sandy's murder, defendant accidentally shot Donna when she grabbed his arm and a second degree felony murder conviction would have been justified under the law at that time. Under these circumstances, the lone fact that defendant was Donna's actual killer would not be sufficient to impute the required malice if the jury also believed the killing was unintentional or accidental. On the other hand, as the trial court found, the jury could have determined defendant's claim of self-defense incredible and that defendant intentionally shot and killed Donna, thereby justifying a second degree murder conviction under a still valid theory of murder. Because of the factual uncertainty in this case, we cannot say as a matter of law that defendant is ineligible for resentencing under section 1170.95.

We therefore reverse the trial court's order denying the petition as to defendant's murder conviction for killing Donna and remand with directions to issue an order to show cause under section 1170.95, subdivision (c), and hold a hearing under section 1170.95, subdivision (d). We express no opinion about whether defendant is entitled to relief following the hearing.

## III.  DISPOSITION

The trial court's order denying the petition for resentencing is affirmed as applied to defendant's murder conviction for killing Sandy, but is reversed as applied to defendant's murder conviction for killing Donna.  The case is remanded for the trial court to issue an order to show cause and hold a hearing to determine whether defendant is entitled to relief under section 1170.95.

/S/

_____

RENNER, J.

We concur:

/S/

_____

DUARTE, Acting P. J.

/S/

_____

KRAUSE, J.